## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HOLLY BLAINE VANZANT and DANA LAND, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>HILL'S PET NUTRITION INC.; PETSMART, INC.; MEDICAL MANAGEMENT INTERNATIONAL, INC. d/b/a BANFIELD PET HOSPITAL; and BLUEPEARL VET, LLC,<br><br>      Defendants. | Case No. 1:17-cv-02535<br><br>[On removal from the Circuit Court of Cook County, Chancery Division, Case No. 2017CH03121] |

## NOTICE OF REMOVAL

Defendants Hill's Pet Nutrition Inc. ("Hill's") and PetSmart, Inc. ("PetSmart") (collectively, "Defendants") hereby remove this action from the Circuit Court of Cook County, Chancery Division, to this Court pursuant to 28 U.S.C. §§ 1332, 1446 and 1453. As grounds for removal, Defendants state as follows:

## THE REMOVED CASE

1. On or about March 2, 2017, Plaintiffs Holly Blaine Vanzant and Dana Land (collectively, "Plaintiffs"), filed a putative class action complaint in the Circuit Court of Cook County, Chancery Division (the "State Court"), entitled *Vanzant v. Hill's Pet Nutrition, Inc.*, Case No. 2017CH03121 ("Compl.").

2. Plaintiffs assert that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and were unjustly enriched in connection with the manufacture, marketing, and/or sale of certain pet food, which Plaintiffs refer to as Prescription

Pet Food. Compl. ¶¶ 37–39. The pet food at issue is alleged to have been manufactured by Hill's and to have been purchased by Plaintiffs from Petsmart. *Id.* ¶¶ 52–53. Plaintiffs also name as co-defendants BluePearl Vet, LLC ("BluePearl") and Medical Management International, Inc. d/b/a Banfield Pet Hospital ("Banfield"), who are not alleged to have sold the Prescription Pet Food, but to have prescribed it and received the prescriptions, respectively. *Id.*

3.     Plaintiffs' allegations are substantially similar to the allegations of a class action complaint filed in the United States District Court for the Northern District of California on or about December 7, 2016. *See Moore v. Mars Petcare US, Inc.*, 16-CV-07001-MMC (N.D. Cal.).

4.     Plaintiffs here "seek to represent a statewide Class of all similarly situated Illinois residents who purchased Prescription Pet Food from any retailer in Illinois." Compl. ¶ 60. On behalf of themselves and the class they seek to represent, Plaintiffs seek injunctive relief, restitution, compensatory damages, punitive damages, and attorney's fees and costs. *Id.* ¶¶ 63(e)-(i), 87.

5.     As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process and pleadings filed in the State Court. No orders have been filed in the State Court.

## REMOVAL IS TIMELY

6.     Defendant PetSmart was served with a copy of the Summons and Complaint on or about March 8, 2017.

7.     Defendant Hill's was served with a copy of the Summons and Complaint on or about March 23, 2017.

8.     Accordingly, because this Notice of Removal is being filed within 30 days of when Defendants were served with a copy of the Summons and Complaint, it is timely pursuant to 28 U.S.C. § 1446(b).

**VENUE**

9.    The State Court is located within the Northern District of Illinois, Eastern

Division.  Venue is thus proper in this Court because it is "the district and division embracing the

place where such action is pending."  28 U.S.C. § 1441(a).

**NOTICE TO THE STATE COURT AND ADVERSE PARTY**

10.    A copy of the written notice as required by 28 U.S.C. § 1446(d) is being filed in

the State Court and will be served on Plaintiffs.  *See* Exhibit B.

**FEDERAL JURISDICTION LIES UNDER THE
CLASS ACTION FAIRNESS ACT ("CAFA")**

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)

because, as described below, this is a civil action where (a) members of the putative class of

plaintiffs are citizens of a different State from a defendant, *i.e.* there is minimal diversity; (b) the

number of members of all proposed plaintiff classes in the aggregate is not less than 100; and

(c) the amount in controversy for the aggregated claims of putative class members exceeds the

sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2)(A),

(d)(5)(B), (d)(6).

**Minimal Diversity Pursuant to 28 U.S.C. § 1332(d)(2)(A) Is Satisfied**

12.    Minimal diversity exists for purposes of CAFA where "any member of a class of

plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

13.    Plaintiffs Holly Blaine Vanzant and Dana Land are citizens of Illinois.

Compl. ¶¶ 2–3.[1]

---

[1] In the event Plaintiffs contest their citizenship, or upon the Court's request, Defendants are
prepared to provide additional information as to Plaintiffs' citizenship.  For example, Plaintiff
Holly Vanzant, also known as Holly Blaine, is an attorney licensed to practice in Illinois, *see*
https://www.iardc.org/ldetail.asp?id=995144256 (last visited March 31, 2017), and maintains a

14.    Defendant Hill's is a Delaware corporation with its principal place of business in Kansas, and is therefore a citizen of Delaware and Kansas. *Id.* ¶ 4; *see also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

15.    Defendant PetSmart is a Delaware corporation with its principal place of business in Arizona, and is therefore a citizen of Delaware and Arizona. Compl. ¶ 5.

16.    Defendant BluePearl is a Florida LLC, *id.* ¶ 7; upon information and belief, certain members of one of the members of BluePearl may be citizens of Illinois.

17.    Defendant Banfield is a Delaware corporation with its principal place of business in Washington, and is therefore a citizen of Delaware and Washington. *Id.* ¶ 6.

18.    Accordingly, minimal diversity exists because Plaintiffs, who are citizens of Illinois, are "citizens of a State different from [a] defendant." 28 U.S.C. § 1332(d)(2)(A).

**There Are At Least One Hundred Members of the Proposed Class**

19.    Plaintiffs allege that the Class "is likely to consist of hundreds, if not thousands, of individuals." Compl. ¶ 62. It is therefore undisputed that there are at least one hundred members in the proposed class.

**The Amount in Controversy Exceeds $5,000,000**

20.    Plaintiffs seek compensatory damages, disgorgement, and punitive damages under ICFA and restitution under the doctrine of unjust enrichment. *Id.* ¶¶ 80, 87. The putative class includes any sale of any Hill's Prescription Diet food "from any retailer in Illinois" over the class period. *Id.* ¶ 60. Because ICFA claims carry a three-year statute of limitations, whereas unjust

---

law office in Evanston, Illinois, *see* http://blaineevanzant.com/Profiles (last visited March 31, 2017).

enrichment claims carry a five-year statute of limitations, the putative class period is between three and five years. *See Blankenship v. Pushpin Holdings, LLC*, 157 F. Supp. 3d 788, 792 (N.D. Ill. 2016); *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 762 (S.D. Ill. 2010).

21.     Sales of Hill's Prescription Diet in Illinois over this period, plus the potential punitive damages Plaintiffs seek, would greatly exceed $5,000,000. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011) (amount in controversy requirement satisfied unless it is "legally impossible" for plaintiff to recover it).

22.     Moreover, Plaintiffs also seek to forever enjoin Defendants' manufacture, marketing, and/or sale of Hill's Prescription Diet foods, Compl. ¶ 63(f), the cost of which would greatly exceed $5,000,000.

## NO EXCEPTION TO CAFA JURISDICTION APPLIES

23.     CAFA contains two mandatory exceptions to federal jurisdiction, commonly known as the local-controversy and home-state exceptions. 28 U.S.C. § 1332(d)(4)(A), (d)(4)(B). Plaintiffs carry the burden of showing that either exception applies, *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 681 (7th Cir. 2006); Plaintiffs cannot do so here.

24.     The local-controversy exception is inapplicable because, *inter alia*, "during the 3-year period preceding the filing of [this] class action," another "class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Specifically, as noted above, on December 7, 2016, a group of plaintiffs filed a similar complaint regarding Prescription Pet Food in the U.S. District Court for the Northern District of California. *See supra* ¶ 3; *see also Moore*, ECF No. 89 at p. 13 (N.D. Cal. Mar. 10, 2017) (statement by California plaintiffs that this complaint "appear[s] to duplicate or nearly duplicate large portions of" the California

complaint); *De Falco v. Vibram USA, Inc.*, 2013 WL 1122825, *2 n.6 (N.D. Ill. Mar. 18, 2013) (local-controversy exception inapplicable where similar complaints had been filed in Massachusetts and California). Additionally, no defendant who is a citizen of Illinois is a defendant "from whom significant relief is sought by members of the plaintiff class" and "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class[.]" 28 U.S.C. § 1332(d)(4)(A)(i)(II).

25.    The home-state exception applies only when, *inter alia*, "the primary defendants" are citizens of the state in which the action was filed, *i.e.* Illinois. 28 U.S.C. § 1332(d)(4)(B). Here, Defendant Hill's is a citizen of Kansas and Delaware; Defendant PetSmart is a citizen of Arizona and Delaware; and Defendant Banfield is a citizen of Washington and Delaware. *See supra* ¶¶ 14–15, 17. Although Defendant BluePearl may be determined to be a citizen of Illinois, neither Plaintiff claims to have purchased Prescription Pet Food from BluePearl (Compl. ¶¶ 52–53), nor does the Complaint articulate any respect in which BluePearl is a primary defendant, much less the only such defendant.

*        *        *

26.    Defendants Hill's and PetSmart have contacted co-defendants Banfield and BluePearl, and are informed that those parties consent to removal to the extent such consent is required.

27.    Defendants reserve the right to amend or supplement this Notice of Removal, and further reserve all rights and defenses.

WHEREFORE, Defendants pray that the above-entitled action now pending in the Circuit Court of Cook County, Chancery Division be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: April 3, 2017

/s/ Zaldwaynaka Scott
Zaldwaynaka Scott
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: (312) 832-5181
Facsimile:  (312) 832-4700

Eileen R. Ridley
Alan R. Ouellette
FOLEY & LARDNER LLP (*pro hac vice*
applications forthcoming)
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:  (415) 434-4484
Facsimile:  (415) 434-4507

James T. McKeown
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202
Telephone:  (414) 271-2400
Facsimile:  (414) 297-4900

***Attorneys for Defendant PetSmart, Inc.***

/s/ John C. Gekas
John C. Gekas
ARNSTEIN & LEHR LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: (312) 876-7124
Facsimile: (312) 876-7313

Hannah Y. Chanoine (*pro hac vice* application
forthcoming)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000

Facsimile:  (212) 326-2061
E-mail:  hchanoine@omm.com

**Attorney for Defendant Hill's Pet Nutrition, Inc.**

<u>**CERTIFICATE OF SERVICE**</u>

I, Zaldwaynaka Scott, an attorney, certify that I caused a copy of the foregoing **Notice of Removal** to be served on April 3, 2017, by first-class U.S. mail, postage pre-paid, and email upon:

> Kevin M. Forde, Esq.
> Michael K. Forde, Esq.
> Ellen M. Carey, Esq.
> Forde Law Offices LLP
> 111 West Washington Street
> Suite 1100
> Chicago, IL 60602

/s/ Zaldwaynaka Scott
Zaldwaynaka Scott