IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HOLLY BLAINE VANZANT, et al.,  )
                                )
    Plaintiffs,                 )
                                )
    v.                          )   No. 17 C 2535
                                )
HILL'S PET NUTRITION INC., et al., )
                                )
    Defendants.                 )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Holly Blaine Vanzant (Vanzant) and Plaintiff Dana Land (Land) allegedly owned cats that had serious health problems. After appointments with veterinarians, the veterinarians allegedly prescribed prescription cat food (Prescription Cat Food) to treat the health problems of Plaintiffs' cats. The Prescription Cat Food is allegedly made by Defendant Hill's Pet Nutrition, Inc. (HPN). Plaintiffs allegedly used the prescriptions from the veterinarians to purchase the Prescription Cat Food from Defendant Petsmart, Inc. (Petsmart). Plaintiffs

1

allegedly continued to purchase the Prescription Cat Food for years. Plaintiffs contend that the prescriptions are not required by law and that the prescription requirement is deceptive and allows HPN and Petsmart to profit by selling the Prescription Cat Food at above-market prices. Plaintiffs contend that the Prescription Cat Food does not contain any ingredient that cannot be found in other non-prescription pet food. Plaintiffs also contend that the use of the word "prescription" and similar wording deceives consumers into believing that the product has been evaluated by the U.S. Food and Drug Administration (FDA). Plaintiffs include in the amended complaint claims brought against HPN alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS 505/1 *et seq.* (Count I), ICFA claims brought against Petsmart (Count II), unjust enrichment claims brought against HPN (Count III), and unjust enrichment claims brought against Petsmart (Count IV). Defendants move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th

Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. Severance

The court initially notes that Vanzant and Land have presented claims relating to different cats with different health issues and veterinarians and different pet food that they purchased. Plaintiffs' claims are factually unrelated and if this action were to survive the pleadings stage, and Land insisted on pursuing an action in her own

name, the court would have considered dismissing Land as a plaintiff and requiring Land to file her own lawsuit and pay her own filing fee as appropriate. Although Plaintiffs have styled their complaint as a class action complaint, no class has yet been certified in this case. Plaintiffs have inappropriately presented two distinct cases without paying the necessary filing fees for both.

II ICFA Claims

Defendants argue that Plaintiffs have not pled sufficient facts to support an ICFA claim.

A. Causation

Defendants argue that Plaintiffs have not pled facts suggesting proximate causation to support an ICFA claim. Defendants correctly point out that, according to Plaintiffs' own pleading, Plaintiffs decided to purchase the Prescription Cat Food based on the recommendation of a veterinarian to treat their cats. Plaintiffs, now seeking to take their place as class representatives after years of purchasing the pet food, claim that had they known all they now know about prescription pet food, they never would have purchased the food. Plaintiffs' position, however, does not fit with the rest of their allegations. Plaintiffs' allegations suggest on one hand that they loved and cared for their cats and yet they assert that they would have let their cats suffer the effects of serious health conditions without the Prescription Cat Food

4

because of the facts they now claim to know about prescription pet food.

Plaintiffs do not dispute that they took their cats to their veterinarians seeking assistance for serious health problems with their cats and that the veterinarians prescribed the Prescription Cat Food to assist in the treatment. Nor do Plaintiffs dispute the therapeutic benefits of the Prescription Cat Food, and Plaintiffs have offered no allegations indicating that the Prescription Cat Food did not offer the health benefits promised by Defendants. Nor do Plaintiffs dispute that they did indeed purchase the food for years to help their cats stay healthy. Yet Plaintiffs insist that their allegations at the pleadings stage be accepted as true in regard to causation. Accepting Plaintiffs' allegations as true essentially means that Plaintiffs went through all the trouble of seeking treatment for their ailing cats and paying for special food, but would have been willing to forego the recommended treatment for their beloved cats if they had known the facts they now know about prescription pet food and Plaintiffs needed to pay a few more dollars for such food. Such assertions are not consistent, but for the purposes of the instant motion, the court accepts such allegations as true. Plaintiffs have presented allegations showing proximate cause.

### B. Safe Harbor Exception

Defendants argue that the ICFA claim is barred by the ICFA safe harbor exemption. Section 10b(1) of the ICFA (Section 10b(1)) provides that "[n]othing in [the ICFA] shall apply to . . . [a]ctions or transactions specifically authorized by

laws administered by any regulatory body or officer acting under statutory authority of this State or the United States. . . ." 815 ILCS 505/10b(1). The Illinois Supreme Court has made clear that "informal regulatory activity" can suffice to trigger the safe harbor exception of Section 10b(1). *Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 46 (Ill. 2005). Defendants have requested that the court take judicial notice of various statements from the FDA, including the Compliance Policy Guide (CPG) and Plaintiffs have not objected. Defendants correctly point out that the CPG recognizes the gate-keeping role of veterinarians in ensuring that pet owners purchase only appropriate therapeutic foods. Plaintiffs argue that the word "prescription" is not specifically used in the CPG. The CPG, however, is intended only to provide general guidance, not to specifically spell out the legal requirements as if providing a statutory mandate. In the CPG, the FDA recognizes that there is a need that such therapeutic pet foods be "made available to the public only through licensed veterinarians or through retail or internet sales to individuals purchasing the product under the direction of a veterinarian." (CPG 7). The prescription pet food procedure allegedly utilized by Defendants fits squarely within such guidance offered by the FDA. Defendants also present evidence showing that the FDA has been aware for decades of the use of the term "prescriptions" by veterinarians in regard to prescription pet food and the FDA has not questioned such activity. The FDA is the regulatory authority that is charged with overseeing therapeutic pet food and Plaintiffs cannot seek to impose stricter requirements upon Defendants in

pursuing their ICFA claims. Defendants are thus protected by the safe harbor exception in Section 10b(1).

C. Failure to Plead with Particularity

Defendants argue that Plaintiffs have failed to plead their ICFA claims with particularity. A plaintiff bringing an ICFA claim alleging deceptive conduct must plead the claim with particularity in accordance with Federal Rule of Civil Procedure 9(b) (Rule 9(b)) and "allege the who, what, where, and when of the alleged fraud . . . . *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 738 (7th Cir. 2014)(explaining that "[w]hile [the Court] allow[s] [the plaintiff] some flexibility in the factual support required for his claim, a plaintiff alleging fraud does not have unlimited leeway in satisfying the particularity requirement of Rule 9(b) when the circumstances are pleaded solely on information and belief")(internal quotations omitted).

Plaintiffs, in their apparent eagerness to present their "class action complaint," have failed to plead the necessary facts to support their claims of fraud. Plaintiffs' first amended complaint is filled with allegations as to all types of both dog and cat food that treat all sorts of pet health issues and Plaintiffs offer extensive allegations as to the fraud by the sale of such "prescription cat and dog products." (A Compl. Par. 37). As indicated above, however, no class has been certified in this matter. Also, as indicated above, Plaintiffs are not even properly joined in the same action.

It is incumbent for each Plaintiff to allege facts to plead her specific claims with particularity.

Plaintiffs claim that they purchased the Prescription Cat Food from Petsmart in Illinois, but they fail to specify what store or stores from which they bought the food. (A Compl. Par. 65, 70). Plaintiffs have also failed to allege facts to specifically explain how Defendants engaged in the alleged deception or provided misleading statements. Plaintiffs' own allegations acknowledge that the Prescription Cat Food was available only through what veterinarians referred to as a prescription. Thus, the use of the word "prescription" or other similar related terms indicates no deception on the part of Defendants. Plaintiffs also fail to specify the time of the alleged deception. To plead with particularity, Plaintiffs must offer more than general statements as to when they bought the Prescription Cat Food. Plaintiffs claim to have bought the food for years. Yet they offer no specific allegations as to when they read the labels on the Prescription Cat Food that they now claim are misleading or were otherwise deceived by Defendants, or how frequently in the "years" they were deceived. Plaintiffs have thus failed to plead their ICFA claims with particularity.

To the extent that Plaintiffs seek to pursue unfair practices claims under ICFA, there are no allegations that would suggest that Defendants engaged in conduct that would violate public policy. The allegations presented by Plaintiffs suggest that Defendants acted in accordance with the guidance provided by the FDA,

8

which is the relevant regulatory body. Plaintiffs complain in their response that "Defendants' conduct is what makes it impossible for consumers like Plaintiffs to buy Prescription Pet Food without a prescription from a veterinarian." (Resp 8). Plaintiffs, however, are seeking rights that directly contradict the FDA's admonition that such food be "made available to the public only thorough licensed veterinarians." (CPG 7). Plaintiffs' desire to save what they contend are needless additional expenses for prescriptions and prescription pet food is also a red herring in this case, since the FDA's guidance in the CPG is not on trial in this case. Plaintiffs' case rests on their claims that Defendants, which are private corporate entities, somehow are engaging in fraud or unfair practices by following the guidance of the FDA. There is simply no basis in the law to support such a notion. If, as Plaintiffs now claim, they had known all they know about prescription pet food, they would not have paid the amount sought in the marketplace for such food, Plaintiffs could have chosen to forego the therapeutic food for their cats. There is no deception based on the face of Plaintiffs' own pleadings. Based on the above, Defendants' motion to dismiss the ICFA claims is granted.

II. Unjust Enrichment Claims

Defendants argue that the unjust enrichment claims must be dismissed since the ICFA claims cannot stand. The Seventh Circuit has stated that when "the unjust enrichment claim" is "premised on the same fraud underlying the ICFA claim," and

there was "no valid underlying fraud, both the ICFA claim and the unjust enrichment claim fail[.]" *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 518 (7th Cir. 2011). Plaintiffs' unjust enrichment claims are premised on the same alleged deception that supported their ICFA claims. Therefore, Defendants' motion to dismiss the unjust enrichment claims is granted.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 29, 2017