UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLY BLAINE VANZANT, and SHERRY NEVIUS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HILL'S PET NUTRITION, INC., and PETSMART LLC.<br><br>    Defendants. | Case No. 1:17-cv-02535<br><br>Hon. Jorge L. Alonso<br><br>Hon. Jeffrey Cole |

**DEFENDANTS' JOINT MOTION TO STRIKE REBUTTAL OPINIONS OF THOMAS MARONICK, JANET NETZ, AND REBBECCA REED-ARTHURS**

## INTRODUCTION

Deadlines matter; so too does fairness. Plaintiffs in this case waited until the last minute to disclose entirely new affirmative opinions that should have been disclosed months ago, waiting until the experts' depositions to reveal the extent of the improprieties. Accordingly, Defendants Hill's Pet Nutrition, Inc. ("Hills") and PetSmart LLC. ("PetSmart") move to strike the untimely opinions and testimony offered by Plaintiffs' marketing expert, Dr. Thomas Maronick, economics expert, Dr. Janet Netz, and survey expert, Dr. Rebbecca Reed-Arthurs. During Dr. Maronick's November 16, 2022 deposition, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ opinions that should have been disclosed months ago under the Federal Rules. At Dr. Netz's November 17, 2022 rebuttal deposition, Defendants learned of a previously undisclosed opinion, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Moreover, at Dr. Reed-Arthurs' November 8, 2022 rebuttal deposition, Defendants learned that she ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. The fruits of her improper tactics must be stricken, along with her restatement of her original opinion, which is not rebuttal. These new opinions and evidence are unjustified and prejudicial to Defendants because the current schedule does not allow for their experts to respond and therefore, must be stricken as untimely under Federal Rules of Procedure 26 and 37.

*First*, Plaintiffs disclosed a new expert, Dr. Maronick, for the first time on October 28, 2022—nearly five months after their deadline to disclose affirmative expert opinions. Dr. Maronick was retained ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1

██████████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████ Plaintiffs cannot use a rebuttal expert to offer affirmative opinions that they were required to disclose – and could have disclosed – in June of this year.

*Second*, Plaintiffs previously disclosed their proffered economics expert, Dr. Netz, with their opening reports, and Defendants deposed her on July 1, 2022. Plaintiffs then served a 42-page "rebuttal" report for Dr. Netz on October 28, 2022 and, three weeks later, Defendants deposed Dr. Netz on her rebuttal opinions on November 17, 2022. ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████ That is not the purpose of a rebuttal opinion.

*Third*, Plaintiffs' survey expert Dr. Reed-Arthurs ████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████ She did not rely on these "facts" when issuing her initial report in June, and cannot now introduce new "evidence" to support her affirmative opinion retroactively.

2

The Court should strike the improper and untimely opinions offered by Dr. Maronick, Dr. Netz, and Dr. Reed-Arthurs. Alternatively, Defendants request that the Court grant them leave to serve surrebuttal reports responding to the experts' new opinions.

## PROCEDURAL HISTORY

Expert discovery was initially scheduled to be completed more than a year ago, on November 12, 2021. But Plaintiffs requested and received three extensions to the discovery deadline over the last year and a half. (*See* ECF Nos. 127, 176, 186). And Plaintiffs also procured a modification to the expert discovery schedule. The original agreed case management schedule did not contemplate rebuttal expert reports for Plaintiffs at all, which Plaintiffs contended would be "patently unfair," because it would deny them the opportunity to address information that Defendants disclosed in their expert reports. (ECF No. 176, ¶ 12). Despite the fact that Defendants did not disclose any new factual information in those reports, Plaintiffs nevertheless seized the opportunity to try to address deficiencies in their opening reports under the guise of offering rebuttal opinions.

There is no deadline for moving to strike untimely or improperly disclosed expert opinions under the Federal Rules, the local rules, or the case management order. And Defendants' decision to move after deposing Plaintiffs' experts has proven to be the right decision, as new and undisclosed opinions were revealed *during* those examinations. Defendants raised initial concerns to both the Court and the Plaintiffs before deposing Plaintiffs' experts on their "rebuttal" opinions, outlined the steps they intended to take in the November 10 status report, and (as previewed) proceeded to (1) depose the experts to confirm the extent to which each expert purports to offer new opinions that are not rebutting any opinions of a defense expert, and (2) meet and confer to present a ripe dispute to the Court. (*See* ECF No. 219 at 3).

3

Before suggesting this approach, Defendants consulted this Court's opinion in *Paramount Media Group, Inc. v. Village of Bellwood*, in which the Court struck portions of an expert's opinions under Rules 26 and 37, based in part on the expert's deposition testimony. *See* 308 F.R.D. 162, 169 (N.D. Ill. 2015).[1] Plaintiffs did not object to this procedure—even though they knew that the last deposition was scheduled to take place on November 17, just a day before expert discovery closed.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 sets forth specific requirements for expert disclosures, in order to eliminate "any vestiges of the 'sporting' or 'fox-hunt' theory of litigation." *Aircraft Gear Corp. v. Kaman Aerospace Corp.*, 1995 WL 571431, at *1 (N.D. Ill. Sept. 25, 1995). An expert witness's opening report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" together with "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Rebuttal disclosures must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii); *Peals v. Terre Haute Police Dep't.*, 535 F.3d 621, 630 (7th Cir. 2008) ("The proper function of rebuttal evidence is to contradict, impeach, or defuse the impact of the evidence offered by an adverse party.").

Rule 37(c)(1) forbids the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. Courts may impose sanctions for improper failures of

---

[1] The Court's *Paramount Media Group* opinion does not reference in-deposition telephone calls regarding the expert's depositions as a prerequisite to filing a motion to strike. Based on Defendants' review of the docket, the deadline to depose Plaintiffs' experts in *Paramount* was February 15, 2015 (*See* ECF No. 141)*,* and the motion to strike was filed on March 31, 2015.

4

disclosure, including striking the information. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii), (c)(1)(C); *see, e.g., Paramount Media Grp., Inc. v. Vill. of Bellwood*, 308 F.R.D. 162, 169 (N.D. Ill. 2015), objections overruled, No. 13 C 3994, 2015 WL 5307483 (N.D. Ill. Sept. 10, 2015). "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill. 2006)

### ARGUMENT

A.  Dr. Maronick's ▬▬▬ Opinions are Untimely and Improper

Plaintiffs' theory of this case—their allegation that Defendants' marketing of Hill's Prescription Diet products deceives consumers into paying an alleged price premium—requires them to demonstrate that the allegedly deceptive practices are material to consumers. *See Ryan v. Wersi Electronic GmbH and Co.*, 59 F.3d 52, 54 (7th Cir. 1995) ("[t]o be material under Illinois law, the misrepresented fact must be essential to the transaction between the parties"). Because Plaintiffs have the burden of proof on materiality, their experts' affirmative opinions on materiality "must be offered in the initial expert reports, not in a rebuttal report." *Africano v. Atrium Med. Corp.*, 2019 WL 5085338, at *3 (N.D. Ill. Oct. 10, 2019), objections overruled, 2020 WL 5691596 (N.D. Ill. Sept. 3, 2020).² Indeed, rebuttal opinions are a limited device, intended to provide an expert with an opportunity to respond to or rebut the opinions offered by an adverse party's expert. *See Noffsinger v. The Valspar Corp.*, 2011 WL 9795, at *6 (N.D. Ill.

---

² *See also Baldwin Graphic Sys., Inc. v. Siebert, Inc.*, 2005 WL 1300763, at *2 (N.D. Ill. Feb. 22, 2005) ("The rebuttal expert report is no place for presenting new arguments, unless presenting those arguments is substantially justified and causes no prejudice"); *Braun v. Lorillard Inc.*, 84 F.3d 230, 237 (7th Cir. 1996) ("The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case ... must put in his evidence on the issue as part of his case in chief.").

5

Jan. 3, 2011) ("[A] party may submit an expert rebuttal witness who is 'limited to contradicting or rebutting evidence on the same subject matter identified by another party in its expert disclosures.'" (internal citation omitted)); *Stanfield v. Dart*, 2013 WL 589222, at *3-4 (N.D. Ill. Feb. 14, 2013) (striking the rebuttal expert's report for failing to address the defendant's expert's conclusions and instead bolstering plaintiff's case-in-chief).

Plaintiffs made the conscious decision—after nearly five years of litigating this case—not to present an affirmative expert on materiality at the June 3, 2022 expert disclosure deadline.³ Plaintiffs are now trying to fill that gap through their "rebuttal" expert, Dr. Maronick, ▌

---

³ Plaintiffs did so even though Plaintiffs' survey expert, Dr. Reed-Arthurs, testified ▌

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████

*First*, ████████████████████████████████████████████████

████████████████████████████████████████████ But this opinion does not contradict or rebut any opinions offered by Ms. Butler, the expert he was hired to rebut. Fed. R. Civ. P. 26(a)(2)(D)(ii) (rebuttal must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its disclosures). █████████████

██████████████████████████████████████████████

*Second*, ████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

Indeed, Ms. Butler's report is based primarily on three surveys she designed and conducted to test, ███████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████

The Court should strike Dr. Maronick's opinions █████████████████

█████████████████████████████████████████████

---

[4] While Defendants suspected this might be the case based on his report, Dr. Maronick's written report attempted to cast these opinions in the form of a rebuttal, and his deposition testimony was therefore necessary to understand the true scope of his opinions.

7

▓▓▓ Any affirmative opinions on materiality—an element of Plaintiffs' case in chief— "must be offered in the initial expert reports, not in a rebuttal report," and should be stricken. *Africano*, 2019 WL 5085338, at *3.

**B.     The Court Should Strike Dr. Netz's Rebuttal Opinions ▓▓▓**

The Court should exclude Dr. Netz's opinions, ▓▓▓



▓▓▓ Defendants' experts appropriately responded to that model. In her rebuttal report, Dr. Netz ▓▓▓

These new opinions are a highly prejudicial attempt to sandbag Defendants' experts, and they should be stricken as improper rebuttal.

    1.    *Dr. Netz* ▓▓▓

Plaintiffs' Complaint alleges that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") in two ways. First, Plaintiffs allege a deceptive practices claim: "Defendants HPN and PetSmart engaged in deception by making false representations and omissions of material facts in manufacturing, distributing, marketing,

8

advertising, labeling, and/or selling 'prescription' pet food at above-market prices." Second Am. Compl. ("SAC") ¶ 1. Second, Plaintiffs assert an unfair practices claim that "Defendants engaged in unfair business practices in violation of the ICFA by manufacturing, distributing, marketing, advertising, labeling, and/or selling "prescription" pet food in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301, et seq. ("FDCA")." *Id.*

In her opening report, Dr. Netz ████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

██

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████

9

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████

Dr. Netz's rebuttal report should have responded to Defendants' reports on the terms she established. ███████████████████████████████████████

██████████████████████████████████████████████████

███

████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

Dr. Netz should be held to her original opinions—██████████████████████

10

▮▮▮▮▮▮▮▮▮▮ *See Sloan Valve Co. v. Zurn Indus., Inc.*, 2013 WL 3147349, at *1 (N.D. Ill. June 19, 2013) ("The reply report is not the appropriate vehicle for presenting new opinions.")

        2.    Dr. Netz's Opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Should Be Stricken

The Court should strike Dr. Netz's rebuttal opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Rule 26 obligates experts to disclose in their opening reports "a complete statement of all opinions the witness will express and the basis and reasons for them" together with "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). Rebuttal reports are not an opportunity for a disclosure do-over. Instead, they "must be 'intended solely to contradict or rebut evidence on the same subject matter identified by another party.' As such, proper rebuttal evidence must be limited to 'contradict[ing], impeach[ing], or defus[ing] the impact of the evidence offered by an adverse party.'" *Mendez v. City of Chicago*, 2021 WL 3487328, at *3 (N.D. Ill. Aug. 9, 2021); *see also Peals*, 535 F.3d at 630.

Dr. Netz's "rebuttal" opinions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ do not rebut, contradict, impeach, or defuse anything in Defendants' expert reports. ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ She cannot now invent that distinction for purposes of rebuttal, then criticize Defendants' experts for not addressing it. *See McCann v. Ogle Cnty.*, 2016 WL 5807922, at *2 (N.D. Ill. Oct. 5, 2016) ("Presenting new opinions is improper rebuttal evidence which does not serve to contradict the

11

adverse party's expert's opinions."). If she believed ████████████████████

████████████████, Rule 26 obliged her to do so in her opening report.

Accordingly, the Court should strike Dr. Netz's opinions ████████████████

████████████████████████████████████████████████████████

### C. The Court Should Bar Dr. Reed-Arthurs from Testifying about Her Improper and Unauthorized ████████████████████ ████████

The Court should also bar Plaintiffs' survey expert, Dr. Reed-Arthurs, ████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ Because she did not rely on this testimony for her report, but merely used to it reinforce her original argument, it is "improper on rebuttal." *See, e.g.*, *Peals*, 535 F.3d at 630 ("Testimony offered only as additional support to an argument made in a case in chief, if not offered to contradict, impeach or defuse the impact of the evidence offered by an adverse party, is improper on rebuttal."). Therefore, any

12

evidence, argument or testimony ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be stricken.

## CONCLUSION

For the foregoing reasons, the Court should strike (1) Dr. Maronick's opinions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ they are not rebuttal opinions, (2) Dr. Netz's opinions about ▮▮▮▮▮▮▮▮▮▮, and (3) all testimony regarding Dr. Reed-Arthurs' ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. In the alternative, Defendants request an opportunity to submit surrebuttal reports to respond to the above-referenced opinions.

Dated: November 28, 2022

O'MELVENY & MYERS LLP

BY: /s/ Hannah Y. Chanoine
Hannah Y. Chanoine (*pro hac vice*)
Jeffery A. N. Kopczynski (*pro hac vice*)
Gerard A. Savaresse (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower 7 Times Square
New York, NY 10036-6524
Telephone: (212) 326-2000
hchanoine@omm.com
jkopczynski@omm.com
gsavaresse@omm.com

Richard B. Goetz (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
rgoetz@omm.com

Amy J. Laurendeau (*pro hac vice*)
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th

13

    Floor
    Newport Beach, CA 92660
    Telephone: (949) 823-6900
    alaurendeau@omm.com

    John C. Gekas
    SAUL EWING LLP
    161 N. Clark, Suite 4200
    Chicago, IL 60601
    Telephone: (312) 876-7124
    john.gekas@saul.com

    *Attorneys for Hill's Pet Nutrition, Inc.*

SIDLEY AUSTIN LLP

BY: */s/ Kara L. McCall*
   Kara L. McCall
   Julie Becker
   One South Dearborn Street
   Chicago, IL 60603
   Telephone: (312) 853-2666
   kmccall@sidley.com
   julie.becker@sidley.com

   *Attorneys for PetSmart LLC.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing, Defendants' Joint Motion to Strike Rebuttal Opinions of Thomas Maronick, Janet Netz, and Rebbecca Reed-Arthurs, was filed electronically with the Clerk of the Court using the CM/ECF system this 28th day of November, 2022, and served electronically on all counsel of record.

*/s/ Hannah Y. Chanoine*
Hannah Y. Chanoine (*pro hac vice*)