**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HOLLY BLAINE VANZANT, *et al*. ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> HILL'S PET NUTRITION INC., *et al*. ) <br> ) <br> Defendants. ) <br> ) | Case No: 1:17-cv-2535 <br><br> Hon. Jorge L. Alonso |

## DEFENDANT PETSMART LLC'S MOTION FOR ENTRY OF FINAL JUDGMENT

Defendant PetSmart LLC ("PetSmart") moves for an entry of final judgment in its favor in this action, according to the terms and for the reasons set forth below:

On January 24, 2025, the Court granted summary judgment in favor of PetSmart as to all causes of action alleged against PetSmart in the operative complaint. Dkt. 408. No claims remain in this action as to PetSmart. The requirements of Fed. R. Civ. P. 54(b) are satisfied and there is no "just reason for delay" in entering judgment.

### Legal Standard

Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Rule 54(b) "enable[s] a party (and its adversaries) to determine at the earliest possible opportunity whether it is securely out of the litigation and therefore can stop worrying about and

1

preparing for further proceedings in it." *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999). In order "to minimize uncertainty about who is in and who is out of the case," a Rule 54(b) judgment may be entered when the case is fully adjudicated as "to separate parties whether or not their claims are separate." *Lawyers Title Ins. Corp. v. Dearborn Title Corp.*, 118 F.3d 1157, 1162 (7th Cir. 1997); *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986) ("An order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule even if identical claims remain pending between the remaining parties.").

## ARGUMENT

To be certified as a final judgment under Rule 54(b), a district court must "make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Cook Cnty., Illinois v. Wolf*, 498 F. Supp. 3d 999, 1007–08 (N.D. Ill. 2020) (citation omitted).

First, the "order in question" granting summary judgment was a "final judgment" as to PetSmart. A "final decision" under Rule 54(b) is "one which ends the ligation on the merits" as to a party. *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 576 F. Supp. 991, 1005 (N.D. Ill. 1983) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). That is the case here. The Court's entry of summary judgment in favor of PetSmart has ended all "litigation on the merits" as to PetSmart. *Id.*

Second, there is no just reason for delay in the appeal of any claims against PetSmart. No claims remain in this action against PetSmart, and any claim against PetSmart "is separate and distinct from [other parties] and is wholly resolved by entry of the judgment" from the Court. *Coleman v. McLaren*, 92 F.R.D. 754, 756–57 (N.D. Ill. 1981), *aff'd sub nom. Pigeaud v. McLaren*,

699 F.2d 401 (7th Cir. 1983) ("[I]n accordance with Rule 54(b) this Court expressly determines that there is no just reason for delay and expressly directs that final judgment be entered . . . ."); *Nat'l Metalcrafters, Div. of Keystone Consol. Indus.*, 784 F.2d at 821 ("The judge's order in this case disposes, with finality in the district court, of the company's claim against [defendant] . . . . [the dismissed defendant] doesn't have to wait till the end of what may be protracted proceedings in the district court to find out w sure whether he is, as the district court found, not violating any rights of the plaintiff.").

Accordingly, for the foregoing reasons, PetSmart requests entry of final judgment in favor of PetSmart LLC.

Dated: March 7, 2025

Respectfully Submitted,

*/s/ Amy P. Lally*
Amy P. Lally (admitted *pro hac vice*)
Julie Becker (ARDC No. 6326582)
Abigail Bachrach (ARDC No. 6337057)
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Tel.: (312) 853-7000
alally@sidley.com
julie.becker@sidley.com
abachrach@sidley.com

*Attorneys for Defendant PetSmart LLC*

3